### BANGOR SAV. BANK *v*. CITY OF STILLWATER.

*(Circuit Court, D. Minnesota, Third Division.   March 31, 1891.)*

ACTION ON CITY CERTIFICATES—DEFENSES.
  Where in an action upon a certificate of indebtedness issued by a city, and signed by the mayor and clerk, the answer alleges that it was issued without authority, and delivered to the plaintiff without consideration; that the pretended consideration was under a contract with a company of which the mayor was a member; that the contract was fraudulent and void, and no consideration was ever received by the city, and the issue was in excess of the *powers of the city*, and in violation of law; that the certificate was not issued in anticipation of the revenue; that before it was issued the city, through its city council and financial committee, had anticipated the revenue to the full extent authorized by law,—it is not demurrable as failing to state a defense.

At Law.   On demurrer to answer. ·
*Sanders & Bowers*, for plaintiff.
*Fayette Marsh*, for defendant.

NELSON, J.   Suit is brought by the Bangor Savings Bank upon a certificate of indebtedness issued by the city of Stillwater, a municipal cor-

poration in the state of Minnesota. The complaint alleges that the certificate for $7,500 was issued to plaintiff October 29, 1888, drawing interest at the rate of 6 per cent. per annum, and payable to the plaintiff or order on July 1, 1890, at the Fifth Avenue Bank of New York City. The certificate is set forth *in hæc verba*, and is signed by G. M. Seymour, mayor of the city of Stillwater, and attest, E. A. Hopkins, Jr., clerk of the city, with seal attached. This complaint alleges the payment of value for the certificate, and the receipt of the same by the defendant corporation, and the defendant's demand for payment, and refusal, and asks for judgment, etc. The defendant answers the complaint, denying the allegations in the complaint, except that it admits that G. M. Seymour, as mayor, and E. A. Hopkins as clerk, of the city of Stillwater, executed the certificate, but alleges that the said G. M. Seymour and E. A. Hopkins, Jr., were never authorized by the legislature of Minnesota, or by any corporation or body of men, to do so, or to make, issue, and deliver the certificate of indebtedness, and that said certificate was issued and delivered to the plaintiff without consideration, and that neither the city of Stillwater, nor any person authorized to act for it, ever, directly or indirectly, received any consideration for said certificate, and alleges that the pretended consideration was under certain contracts made and entered into with F. H. Lemon & Co. That at the time of making said contracts G. M. Seymour was a member of this company, and mayor of the city, and interested in said contract, and said contract was fraudulent and void, and that no consideration was ever paid or received by this city, and the same was in excess of the powers of the said city, and in violation of law. And further alleges that the money was not borrowed in anticipation of the current revenue of the city, and that before the issuing of said certificate the city had, by and through the actions of its city council and financial committee, in accordance with the statute in such case made and provided, borrowed to the full amount it was authorized by law to do, in anticipation of current revenue, and that the indebtedness so anticipated has never been paid, and alleges that the defendant was never by law authorized to issue said certificates.

A demurrer is interposed by the plaintiff to the answer, which assigns as ground of demurrer that the answer does not state facts sufficient to constitute a defense. The counsel have thoroughly argued the case, and reference has been made to the city charter, defining their power and duties, and the obligations of the city and its officers. While I agree with the plaintiff's counsel substantially upon the law, it requires some proof to meet the issues made by the answer. This was recognized by plaintiff's counsel, and he attempted upon the argument of the demurrer to introduce an affidavit as evidence upon what he regarded as an issue formed by the pleadings. This affidavit could not be read upon the argument, involving only the question of the sufficiency of the answer as a pleading. I think the case can be more properly and understandingly presented upon the trial, and I therefore overrule the demurrer, and give the plaintiff an opportunity to reply in 30 days from the filing of

the order overruling the demurrer, so the case can be noticed for trial at the June term of this court.

Demurrer overruled, with leave to reply, if thought necessary, within 30 days.